UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
ROSEMARY TIMPHONY                         CIVIL ACTION


v.                                        NO. 07-3225


JOHN DOE, STEIN MART, and                 SECTION "F"
ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

Rosemary Timphony was injured when she fell in a Stein Mart department store in May 2006. She sued Stein Mart, a Stein Mart employee, and Stein Mart's insurer in state court in April 2007, alleging that the store's employee's negligence caused her "severe and disabling injuries." Timphony's complaint contains the following demand for damages:

> Defendants herein are jointly and in solido liable and indebted unto petitioners for such damages as are reasonable in the premises, including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability to the body, loss of consortium together with legal interest thereon from the date of judicial demand, until paid, and

1

for all costs of these proceedings ....
Stein Mart removed the suit to this Court on June 12, 2007, invoking the diversity jurisdiction of this Court. Timphony now moves to remand, claiming that the amount in controversy for this case does not exceed $75,0000, the requirement for federal jurisdiction. The only support for this assertion is the following unsworn statement included in her motion to remand: "Plaintiff, ROSEMARY TIMPHONY, hereby stipulates that the amount of damages, exclusive of interest and cost, in this matter does not exceed $75,000."

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

Defendants have thirty days from receipt of the initial pleading in which to remove a case from state court to federal court. 28 U.S.C. § 1446(b). This general rule applies when the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). Timphony's petition, in conformity with Louisiana law, in this case was silent regarding damages. When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

Plaintiff claims "permanent disability to the body," loss of current and future earnings and earning capacity, and past and future physical and mental pain and suffering. This Court can not divine whether the generic allegations of the complaint are or are not apparent about the $75,000 threshold. Compare De Aquilar v. Boeing Co., 11 F.3d 55, 57 (5th Cir. 1993)(finding complaint for wrongful death to be facially apparent for damages exceeding amount-in-controversy requirement), with Asociacion Nacional De Pesacores A Pequena Escala O Artesanales De Colombia (ANPAC) v. Dow Quimica De Columbia, S.A., 988 F.2d 559, 566 (5th Cir.

3

1993)(finding complaint for damages for skin rashes and loss of income of small-scale fisherman not to be facially apparent to meet jurisdictional requirements).

"If the defendant meets its burden of showing the requisite amount in controversy, the plaintiffs can defeat removal only by establishing with legal certainty that their claims are for less than $75,000." <u>Dobson v. Allstate Insurance Co.</u>, 2006 WL 2078423 (E.D. La. July 21, 2006). The Fifth Circuit has stated that absent a statute limiting recovery,[1] plaintiffs must file a sworn affidavit <u>with their complaint</u>, describing the amount in controversy. <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995). "The general principle," the <u>De Aguilar</u> court explained, "is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." <u>Id.</u> at 1412 n.10. Timphony did not include such a statement in her complaint or a sworn affidavit with her complaint that described the value of her case. She argues that the Court should consider her post-complaint unsworn stipulation in the motion to remand stating that she seeks less than $75,000 for all damages from the defendants in this action. But the Court is required to evaluate the jurisdictional amount at the time of removal; the post-complaint stipulation in her motion to remand may not be considered

---

[1] No statute limits recovery for the damages plaintiff claims. Of course, if the plaintiff is to be believed, this case will settle for less than $75,000.

in testing the amount in controversy.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

Accordingly, the plaintiff's motion to remand is DENIED.


New Orleans, Louisiana, July 24, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE